Filed 11/24/25  P. v. Ray CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD VINCENT RAY, JR.,<br><br>    Defendant and Appellant. | A171438<br><br>(Alameda County<br>Super. Ct. No. 153993A) |

Edward Vincent Ray, Jr. (appellant), appeals from the trial court's order denying appellant's request for a transcript of audio discovery provided to him pursuant to Penal Code section 1054.9.[1]  We reverse and remand for further proceedings.

BACKGROUND

In 2007, appellant was convicted of 21 counts of second degree robbery and sentenced to 38 years 4 months in state prison.  (*People v. Ray* (Nov. 23, 2009, A117630) [nonpub. opn.].)

In 2022, appellant filed a motion for postconviction discovery.  (*People v. Ray* (Sept. 13, 2023, A166077) [nonpub. opn.].)  As relevant here, appellant

_____

[1] All undesignated statutory references are to the Penal Code.

1

sought statements made by two accomplices. (*Ibid.*) We reversed the trial court's denial of this request, directing the trial court "to grant the motion as to any recordings and/or transcripts of: (a) an Oakland Police Department interview with Melissa Ray on or about August 29, 2006; and (b) an interview by deputy district attorney Sabrina Farrell with Larry Carrington at the North County Jail on March 5, 2007." (*Ibid.*)

On remand, the People sent appellant audio recordings of the interviews. Appellant subsequently filed a motion seeking an order directing the People to also provide him with transcripts of the interviews.[2] Appellant submitted a report from a prison litigation coordinator stating that appellant had the opportunity to listen to the audio recordings but, after listening, the litigation coordinator would "mail the disk back . . . to the Alameda District Attorney's Office as inmates are not allow[ed] to retain a compact disc[]." Appellant's motion argued he was therefore unable "to possess this evidence" and, further, the audio recording "is NOT an admissible or useable form of evidence, that can be presented to a Court in support of his future filings of a petition for writ of habeas corpus."

The trial court issued a written order noting the prosecutor "has advised this court that it has located a transcription of the Melissa Ray interview in the file, and will provide that to Defendant." As to the Carrington interview, the court found that appellant "has provided no information as to why it is needed. Defendant's motion does not refer to any specific content within the recording and does not explain how or why a transcript is necessary to support his anticipated habeas petition." Accordingly, the court denied the request without prejudice "to Defendant

---

[2] Appellant proceeded in propria persona in the trial court but is represented by appointed counsel on appeal.

providing a satisfactory explanation of why he believes a transcript is needed."

Appellant filed a renewed motion seeking a transcript of Carrington's interview.  Appellant asserted that Carrington's statement "contain[s] valuable[,] relevant impeachment evidence," but provided no further information.  The trial court denied the motion, finding appellant again "fail[ed] to include any information about the content of the interview or any specific statements by Carrington, or why such statements constitute *Brady*[3] material."

## DISCUSSION

"Section 1054.9 authorizes postconviction discovery in certain felony cases."[4]  (*People v. Superior Court (Jones)* (2021) 12 Cal.5th 348, 361.)  Where certain defendants are prosecuting or preparing to file a writ of habeas corpus or a motion to vacate the judgment, and have made "a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful, the court shall," with exceptions not relevant here, "order that the defendant be provided *reasonable access* to any of the materials described in subdivision (c)."  (§ 1054.9, subd. (a), italics added.)  Section 1054.9, subdivision (c) provides, "For purposes of this section, 'discovery materials' means materials *in the possession of the prosecution and law enforcement authorities* to which the same defendant would have been entitled at time of trial."  (Italics added.)

---

[3] *Brady v. Maryland* (1963) 373 U.S. 83.

[4] Amendments to section 1054.9 enacted earlier this year are not yet in effect and, in any event, are not material to our resolution of this appeal. (Stats. 2025, ch. 444, § 1.)

Appellant has previously established his entitlement to the Carrington interview under section 1054.9. (*People v. Ray*, *supra*, A166077.) The trial court denied appellant's request for a transcript of the interview on the ground that appellant failed to demonstrate the content of the interview was relevant or necessary to any future habeas corpus petition. Section 1054.9 does not impose any such requirement, and we see no basis to do so. Accordingly, the content of the interview is not material to the question before us.

The People argue that, because section 1054.9 discovery is limited to materials "in the possession" of the prosecutor and the People do not possess a transcript of the Carrington interview, they are therefore not required to provide it. But the discovery material sought by appellant is the interview itself; the transcript is merely a guide or aid to his use of this material. This is consistent with the treatment of transcripts at trials, where courts regularly allow their use to assist the factfinder while only admitting into evidence the audio or video recording itself. (See *People v. Jones* (2017) 3 Cal.5th 583, 611 [trial court did not abuse its discretion by "permitting the jurors to use a transcript of the conversation as an aid while listening to the tape during trial"]; *People v. Brown* (1990) 225 Cal.App.3d 585, 599 [where no showing that "the transcript was so inaccurate as to mislead the jury[,] . . . the court did not abuse its discretion in allowing the jurors to use the transcript as a guide while listening to the tape"].) Thus, that the People do not possess a transcript is not the end of the inquiry.

Instead, we agree with appellant that the material question is whether a transcript is required to ensure appellant has "reasonable access" to the interview. Appellant argues we should resolve this question in his favor. To

be sure, appellant has established that he is unrepresented below,[5] is unable to retain the recording in prison, and was only able to listen to it on one occasion. However, we conclude that whether a transcript is required for appellant to have reasonable access to the Carrington interview is a determination that should be made by the trial court in the first instance. The trial court may wish to solicit additional information, for example, the length of the interview, whether appellant was able to listen to it multiple times or only once, and any other relevant information. Accordingly, we will remand for further proceedings.[6]

## DISPOSITION

The order is reversed and remanded for further proceedings.


SIMONS, J.

We concur.

JACKSON, P. J.
CHOU, J.

(A171438)

---

[5] As the prosecutor represented to the trial court, if appellant "ha[d] his own investigator or lawyer, I can send that person a copy of the interview so he could have them more permanently."

[6] Appellant also argues that a transcript is required for any future habeas corpus petition, relying on the requirement stated in *People v. Duvall* (1995) 9 Cal.4th 464, 474, that such petitions should "include copies of reasonably available documentary evidence supporting the claim." For guidance on remand, we agree with the trial court that, if the court determines a transcript is not necessary to provide appellant with reasonable access to the Carrington interview pursuant to section 1054.9, the transcript is not "reasonably available" for purposes of any future habeas corpus petition.